By the Court:
The question in this case is whether a conviction) in a police court may be reviewed by a superior court on the ground that it is against the weight of the evidence. Bettie Slaughter, the plaintiff in error,, was convicted in the police court of the city of Columbus on the charge of disorderly conduct, a violation of one of its ordinances, and was sentenced to pay a fine of #20.00. She made a motion for a new trial, on the ground that the conviction was against, the weight of the evidence. This was overruled. She excepted, and took a bill of exceptions containing-all the evidence, which was approved and made a part of the record.
On error to the common pleas the judgment was; affirmed; and she then prosecuted error to the circuit court. That court refused to consider the weight of the evidence on the ground that there was no-authority for the review of a conviction of a police-court on the evidence; and finding no error of law in the record, affirmed the judgment. In refusing to consider the evidence in the bill of exceptions and *54 determine whether it was sufficient to support the «conviction, we think the circuit court erred. Section 1752, Revised Statutes, expressly provides among other things, that “A conviction under an ordinance of any municipal corporation may be reviewed by petition in error, in the same manner and ‡0 the same extent as was heretofore permitted on writs of error and certiorari, and the judgment of ■affirmance or reversal may be reviewed in the same manner; and for this purpose a bill of exceptions may be taken or statement of the facts embodied in the record on the application of any party.” Now, recurring to the law as it existed before the codification, we find that by an amendment of section 179 of the municipal code, made April 11, 1876, it' was provided that “Any final conviction or sentence of the police court may be examined into by the ■court of common pleas on writ of error, which may he allowed by such court or judge thereof for sufficient cause, and one of the causes shall be the overTuling of a motion for a new trial on the ground that the verdict of such court is against the weight of the evidence.” It is thus apparent that the effect of ■section 1752 Revised Statutes, was simply to change the remedy, so that a conviction of a police court might be reviewed, by a petition in error, on the weight of the evidence, as had been done on a writ ■of error.
The judgment of the circuit court is, therefore, vacated and cause remanded to that court to consider the evidence contained in the bill of exceptions, and determine whether it supports the conviction of the police court, and such further proceeding as may be required by law.

Judgment accordingly.